UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUAN CARLOS JUARES,
     Petitioner,

v.

                                                    Case No. 8:24-cv-1255-KKM-AAS

SECRETARY, DEPARTMENT
OF CORRECTIONS,
     Respondent.
_____

## ORDER

Juares, a Florida prisoner, filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1.) Having considered the petition, (*id.*), and the response opposing the petition as time-barred, (Doc. 5), Juares's petition is dismissed as time-barred.[1] Because reasonable jurists would not disagree, a certificate of appealability also is not warranted.

## I.    PROCEDURAL HISTORY

Juares pleaded guilty to first-degree murder in exchange for a sentence of life in prison. (Doc. 5-2, Exs. 5 & 6.)[2] His petition for a belated direct appeal was denied. (Doc.

---

[1] Juares did not file a reply.

[2] The State initially sought the death penalty. (Doc. 5-2, Ex. 4.)

5-2, Exs. 9 & 10.) Juares unsuccessfully pursued collateral review in the state courts. (Doc. 5-2, Exs. 11-16, 20, 23-28.)

## II.   ANALYSIS

### A. The Petition is Untimely

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under the AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

Juares entered his plea and was sentenced on February 20, 2018. (Doc. 5-2, Exs. 5-7.) His judgment became final 30 days later, on March 22, 2018, when the time to file a direct appeal expired. *See Baca v. State*, 313 So.3d 1177, 1178 (Fla. 1st DCA 2021) ("No appeal was filed, so Petitioner's judgment and sentence became final 30 days later . . . ."). Juares's petition for a belated direct appeal did not delay the judgment's finality for purposes of the AEDPA limitation period because the petition was denied, and no direct appeal was taken. *See Danny v. Sec'y, Fla. Dep't of Corr.*, 811 F.3d 1301 (11th Cir. 2016) (holding

that a petition for a belated direct appeal is not an "application for State . . . collateral review" that tolls the AEDPA clock under § 2244(d)(2)).

Thus, Juares's AEDPA limitation period began running on March 23, 2018. He had one year, absent the filing of any tolling applications in state court, to file his federal habeas petition. Juares did not seek relief in state court until he moved for postconviction relief on November 25, 2019, well after his one-year AEDPA limitation period expired on March 23, 2019. (Doc. 5-2, Ex. 11.) Accordingly, Juares's § 2254 petition, filed on May 29, 2024, is untimely under § 2244(d)(1).

The postconviction and other collateral motions that Juares filed in state court on and after November 25, 2019, do not impact the timeliness analysis because they were filed after the AEDPA limitation period had expired. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'" (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000))). Juares's petition is untimely under § 2244(d)(1).

## B. The Fundamental Miscarriage of Justice Exception is Inapplicable

A petitioner's actual innocence, if proved, allows a court to review the petitioner's untimely § 2254 petition. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). In the section of his § 2254 petition for addressing timeliness, Juares asserts that the merit of his case

"exceeds any procedural default as this conviction is the result of a miscarriage of justice." (Doc. 1, p. 13.) To the extent that Juares attempts to invoke the fundamental miscarriage of justice exception to the time bar, he fails to show that the exception applies.

To prove his actual innocence, Juares must establish that in the light of new reliable evidence, "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Perkins*, 569 U.S. at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). But "tenable" claims of actual innocence "are rare," and the category of cases that satisfies this standard is "severely confined." *Perkins*, 569 U.S. at 386, 394-95.

Juares has not come forward with new, reliable evidence that he is actually innocent of first-degree murder and in light of which no reasonable juror would have convicted him. *See id.* Instead, he argues that the factual basis provided at his change of plea hearing supported only an "uncharged theory" of felony murder. (Doc. 1, p. 5.) Juares's assertion fails to satisfy the fundamental miscarriage of justice exception to the AEDPA limitation period.[3]

## III.   CERTIFICATE OF APPEALABILITY

Juares is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to a COA. 28 U.S.C. § 2253(c)(1). The

---

[3] Juares does not argue or establish entitlement to equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010).

district court or circuit court must issue a COA. *Id.* To obtain a COA, Juares must show

that reasonable jurists would debate both (1) the merits of the underlying claims and (2)

the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529

U.S. 473, 484 (2000). Because the petition is time-barred, Juares cannot satisfy the second

prong of the *Slack* test. As Juares is not entitled to a COA, he is not entitled to appeal in

forma pauperis.

Therefore, the Court **ORDERS** that Juares's Petition for Writ of Habeas Corpus,

(Doc. 1), is **DISMISSED with prejudice as time-barred**. The **CLERK** is directed to

enter judgment against Juares and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on December 16, 2024.

Kathryn Kimball Mizelle
United States District Judge